| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| MICHAEL RAY HARRISON, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | CIVIL ACTION NO. 1:16-CV-228 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION**

Movant Michael Ray Harrison, proceeding through counsel, filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255

Factual Background

On December 1, 2005, a jury found movant guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Presentence Investigation Report (PSR) revealed that movant had three prior felony convictions–one for bank robbery, one for aggravated assault of a peace officer, and the third for aggravated assault. Due to the prior convictions, movant's sentence exposure was increased from a maximum of 10 years of imprisonment to a minimum sentence of 15 years of imprisonment under the Armed Career Criminal Act (ACCA). On June 28, 2006, the Court sentenced movant to 327 months of imprisonment. The judgment was affirmed on appeal.

Movant filed a motion to vacate, set aside or correct sentence on September 9, 2008. The motion was denied, and movant was denied a certificate of appealability. On June 13, 2016, the United States Court of Appeals for the Fifth Circuit authorized movant to file a second or successive motion to vacate, set aside or correct sentence.

## Discussion

The Armed Career Criminal Act provides that a person who violates § 922(g) is subject to a mandatory minimum sentence of 15 years of imprisonment if he has three or more prior convictions for a violent felony or a serious drug offense. A "violent felony" is defined as any crime punishable by imprisonment for a term exceeding one year that: (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, "or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The quoted language is referred to as the "residual clause" of the ACCA.

In 2015, the United States Supreme Court held that the residual clause of § 924(e) was unconstitutionally vague. *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). The Supreme Court recently held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1260-68 (2016).

Movant asserts, and the government agrees, that movant's conviction for aggravated assault of a peace officer no longer qualifies as a violent felony in light of *Johnson*. The government does not oppose granting movant relief and agrees that movant should be resentenced.

## Conclusion

For the reasons stated above, this motion to vacate, set aside or correct sentence is meritorious. A final judgment will be entered granting the motion and vacating the sentence.

SIGNED at Beaumont, Texas, this 16th day of August, 2016.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE